IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DEBRA K. CHRUSZCH**,

                Plaintiff,

    v.

**BAYVIEW LOAN SERVICING, LLC; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LP; THE BANK OF NEW YORK MELLON, N.A.;** and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)**,

                Defendants.

No. 3:15-cv-01131-MO

OPINION AND ORDER

**MOSMAN, J.**,

        Plaintiff Debra Chruszch filed this suit and appears to seek declaratory judgement and quiet title. Ms. Chruszch also appears to seek damages for wrongful foreclosure and fraud. Defendants moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Having concluded that Ms. Chruszch has failed to state a claim, I GRANT Defendants' motion to dismiss [28, 29]. I also GRANT Defendants' request for judicial notice [30] and DENY Ms. Chruszch's Motion for Declaratory Judgment [3].

## BACKGROUND

Ms. Chruszch executed a deed of trust securing a mortgage of her residence on September 26, 2005. (Miller Decl. [31], Ex. 1.) The deed of trust designated First Magnus Financial Corporation as the lender, Fidelity National Title Company of Oregon as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and as "nominee for Lender and Lender's successors and assigns." *Id.* The deed of trust was recorded on October 20, 2005. *Id.* In her complaint, Ms. Chruszch claims that she was current on her mortgage payments until December 2008. (Compl. [3] at 3.) There has been no foreclosure sale of the property, and there is no pending foreclosure.

## LEGAL STANDARDS

On a motion to dismiss, the court reviews the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court considers allegations in the complaint, any exhibits attached to the complaint, and judicially noticeable materials. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In cases where there is a jurisdictional defect, dismissal without leave to amend is proper where "the complaint could not be saved by any amendment." *Id.* at 760 (internal quotation omitted). When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

The court construes *pro se* pleadings "liberally," affording *pro se* plaintiffs the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). However, this liberal interpretation of a *pro se* complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A court need not accept legal conclusions as true because "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original). While the plaintiff does not need to make "detailed factual allegations" at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

It is difficult to discern Ms. Chruszch's legal claims. Ms. Chruszch seeks a judicial declaration that Defendants must show original loan documentation, prove ownership of the loan, and establish standing to foreclose.  (Compl. [3] at 4.) In addition to the judicial declaration, she appears to seek damages for what might be termed a claim for wrongful foreclosure, alleged as "wrongfully committing the threat of taking Plaintiff's property." (Compl. [3] at 4.) Ms. Chruszch also appears to challenge the validity of the Deed of Trust as well as the securitization of the note. She also seeks damages for fraud, alleging that Defendants have attempted "to take possession of [Plaintiff's] Property though fraud and malice" and participated in "fraudulent and unconscionable conduct." (Compl. [2] at 2; Compl. [3] at 4.)[1] Lastly, Ms.

---

[1] Ms. Chruszch has provided the court with two separate documents that together appear to constitute her complaint. The first document is labeled "Quiet Title" [2]. The second document, which provides much more detail than the

Chruszch appears to allege she is entitled to quiet title. (Compl. [2] at 2.) Because Ms. Chruszch

has failed to sufficiently state any of these claims, they are all dismissed.

## I.    Judicial Notice

A court may take judicial notice of a fact outside the pleadings if the fact "can be

accurately and readily determined from sources whose accuracy cannot reasonably be

questioned" under Federal Rule of Evidence 201. *MGIC Indem. Corp. v. Weisman*, 803 F.2d

500, 504 (9th Cir. 1986) (holding that the district court, when determining whether a complaint

fails to state a claim, may take "judicial notice of matters of public record outside the

pleadings").  Defendants Recontrust Co. and Bank of America have requested that the court take

judicial notice of the deed of trust signed by Ms. Chruszch and recorded in the county land

records. Ms. Chruszch does not dispute that she signed the deed of trust, and it is publically

available and thus easily identifiable. Defendants' request for judicial notice [30] is thus

GRANTED.

## II.    Plaintiff's Declaratory Judgment Action

Ms. Chruszch seeks a judicial declaration that Defendants must show original loan

documentation, prove ownership of the loan, and establish standing to foreclosure. (Compl. [3] at

4.) While the Declaratory Judgment Act, 28 U.S.C. § 2201, permits federal courts to hear suits

for declaratory judgment, there must be an actual controversy between the parties. This is akin to

the Article III case or controversy requirement: the dispute must "'admi[t] of specific relief

through a decree of a conclusive character, as distinguished from an opinion advising what the

law would be upon a hypothetical state of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S.

118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937))

---

first, is labeled "Declaratory Review and Judgment" [3]. I will treat both of these documents together as a single
complaint for purposes of addressing Defendants' motions to dismiss.

(alteration in original). In essence, declaratory judgment is only proper where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *Id.*

In this case, there is no foreclosure activity pending on Ms. Chruszch's property, and there is no suggestion that foreclosure will be pursued presently. The mere possibility of future foreclosure action by Defendants is not enough to create a real and immediate controversy between the parties. *See, e.g.*, *Kichatov v. Nationstar Mortg., Inc.*, 2013 WL 3025981, at *4 (D. Or. June 14, 2013); *Magno v. U.S. Bank N.A.*, 2013 WL 1636074, at *4 (D. Or. April 16, 2013); *Clow v. Bank of America*, 2011 WL 7153930, at *3 (D. Or. Dec. 19, 2011). Because no judicial or non-judicial foreclosure proceedings are pending, there is no case or controversy and declaratory relief would be inappropriate.

Furthermore, Ms. Chruszch's "show me the note" theory has been repeatedly examined by this court and rejected. *Stewart v. MERS*, 2010 WL 1055131, at *12 (D. Or. 2010) (noting that the Oregon Trust Deed Act "does not require presentment of the Note or any other proof of real party in interest or standing, other than the Deed of Trust") (quotations omitted); *see also Vettrus v. Bank of America, N.A.*, 2012 WL 2905167, at *6 (D. Or. July 13, 2012) ("presentation of the original promissory note is not required); *Tabb v. OneWest Bank*, 2010 WL 5684402, at *5 (D. Or. 2010) (concluding that "Oregon . . . does not require any party to a trustee's sale to produce a physical copy of the original note"). Accordingly, Ms. Chruszch's claim for declaratory relief [3] fails as a matter of law and is therefore DISMISSED with prejudice.

## III.    Plaintiff's Wrongful Foreclosure Claim

Ms. Chruszch further alleges that Defendants "wrongfully commit[ed] the threat of taking Plaintiff's Property which has been abusive and emotionally oppressive to Plaintiff." (Compl. [3]

at 4.) This appears to be a wrongful foreclosure claim. Where there is no pending foreclosure, any claim alleging wrongful foreclosure is moot. *See, e.g.*, *Staton v. BAC Home Loans Servicing, LP*, 2014 WL 1803376, at *2 (D. Or. May 6, 2014) ("When a non-judicial foreclosure sale is rescinded, any claims premised on the non-judicial foreclosure are rendered moot. There is no cause of action under Oregon law for the tort of wrongful *attempted* foreclosure.") (internal citations and quotation marks omitted) (emphasis in original). Here, no foreclosure sale took place, and there is no pending foreclosure. Thus, Ms. Chruszch's wrongful foreclosure claim is moot and fails as a matter of law.

## IV.    <u>Plaintiff's Claim that a Deed of Trust Listing MERS as a Beneficiary is Invalid</u>

Ms. Chruszch states that "there has been litigation regarding the right of MERS to be a holder of record for third parties." (Compl. [3] at 2.) In support of this assertion, she cites a New York case that is not applicable to this case. While the Oregon Supreme Court did hold in *Bandrup v. ReconTrust Co., N.A.*, 353 Or. 668 (2013), that "MERS could not satisfy the statutory definition of a beneficiary, there is nothing in that decision to support the contention that the mere involvement of MERS in the loan will render the lien invalid." *Staton*, 2014 WL 1803376, at *2; *see also Lind v. Fidelity Nat'l Title Ins. Co.*, 2014 WL 2450775, at *2 (D. Or. May 30, 2014) ("while [*Bandrup*] does hold that MERS does not meet the statutory definition of a beneficiary, it does not hold that the mere involvement of MERS invalidates the loan"). Therefore, even if I generously interpreted Ms. Chruszch's above statement to be an allegation that her deed of trust is invalid due to MERS being a beneficiary, the claim still would fail as a matter of law.

**V.  <u>Plaintiff's Challenge to the Securitization of the Note</u>**

Ms. Chruszch states that her loan was securitized. (Compl. [3] at 2-3.) Implicit throughout her complaint is a contention that securitization in general somehow gives rise to a cause of action. This is simply not the case. There is nothing unlawful about securitizing a loan—securitization is just another method of selling a loan. The deed of trust Ms. Chruszch signed and agreed to specifically states that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Miller Decl., Ex. 1 at 11, ¶ 20.) Ms. Chruszch points to no law or provision in the deed of trust preventing this practice and cites to no law indicating that securitization can be the basis of a cause of action. Indeed, courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor a cause of action. *See Joyner v. Bank of Am. Home Loans,* 2010 WL 2953969, at *2 (D. Nev. July 26, 2010) (rejecting breach of contract claim based on securitization of loan); *Haskins v. Moynihan,* 2010 WL 2691562, at *2 (D. Ariz. July 6, 2010) (rejecting claims based on securitization because plaintiffs could point to no law indicating that securitization of a mortgage is unlawful, and "[p]laintiffs fail to set forth facts suggesting that Defendants ever indicated that they would not bundle or sell the note in conjunction with the sale of mortgage-backed securities"); *Lariviere v. Bank of N.Y. as Tr.,* Civ. WL 2399583, at *4 (D. Me. May 7, 2010) ("Many people in this country are dissatisfied and upset by [the securitization] process, but it does not mean that the [plaintiffs] have stated legally cognizable claims against these defendants in their amended complaint."). The overwhelming authority does not support a cause of action based upon improper securitization. Accordingly, I conclude that Ms. Chruszch has not sufficiently plead a claim challenging the securitization of her loan and the claim is dismissed.

## VI.    **Plaintiff's Fraud Claim**

Ms. Chruszch appears to bring a claim for fraud. She alleges that in the loan securitization process, Defendants made "materially misleading statements in the Registration Statement, and omitt[ed] material facts." (Compl. [3] at 3.) She also claims that in December 2008, prior to her defaulting on the loan, an unidentified loan servicer told her she had to be in default to qualify for a loan modification, "which forced Plaintiff to cease paying, due to defendants [sic] fraudulent and unconscionable conduct." (*Id*. at 3, 4.)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Schrieber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Under Oregon case law, the elements of fraud that must be pled are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) [the speaker's] intent that it should be acted on by the person and in the matter reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) [the hearer's] reliance on its truth; (8) [the hearer's] right to rely thereon; (9) and [the hearer's] consequent and proximate injury.

*Wieber v. FedEx Ground Package System, Inc.*, 231 Or. App. 469, 480, 220 P.3d 68 (2009).

Ms. Chruszch's ambiguous allegations of fraud fall well short of meeting the heightened pleading standard of Rule 9(b). She does not identify what the alleged misrepresentations were, who made them, when they were made, how they were made, or how that person or those persons were authorized to speak on behalf of Defendants. Furthermore, Ms. Chruszch does not allege any facts showing that Defendants knew the representations were false or intended that Ms. Chruszch rely on them. While she alleges that an unidentified loan servicer told her that she

had to be in default in order to qualify for a loan modification, she does not allege that either of Defendants was the loan servicer. Accordingly, Ms. Chruszch's fraud claim is dismissed with leave to amend.

## VII. Plaintiff's Quiet Title Claim

Ms. Chruszch's request that the court quiet title in her favor must be dismissed for failure to state a claim. Ms. Chruszch says that she "dispute[s] and allege[s] that as a result of improper procedures, the true owner of Plaintiff's mortgage is unclear; and as a result; [sic] Plaintiff alleges she has been paying improper entitles an excess amount whom question legal standing on her Property." (Compl. [2] at 2.) This claim is found on a document labeled "Quiet Title," and as such, I will construe it as a claim to quiet title.

Generally, "a person may bring an equitable quiet title action to obtain resolution of a dispute relating to adverse or conflicting claims to real property." *Staton*, 2014 WL 1803376, at *8 (citing *Spears v. Dizick*, 235 Or. App. 594, 598, 234 P.3d 1037 (2010)). In order to prevail in a quiet title action, a plaintiff "must prove that [she has] a substantial interest in, or claim to, the disputed property and that [her] title is superior to that of the defendants." *Coussens v. Stevens*, 200 Or. App. 165, 171, 113 P.3d 952 (2005). A plaintiff must rely on the strength of her own title, not the weakness of a defendant's title. *Id.* To rely on the strength of her own title, a "plaintiff must expressly allege that: (1) [her] title is superior to that of defendants' and (2) 'the subject loan has been satisfied or that plaintiff is ready, willing and able to tender the full amount on the loan.'" *Oliver v. Delta Financial Liquidating Trust*, 2012 WL 3704954, at *5 (D. Or. Aug. 27, 2012) (quoting *Rigor v. Freemont Inv. & Loan*, 2012 WL 913631, at *1 (D. Or. Feb 13, 2012)). Here, Ms. Chruszch does not allege that she tendered the amounts due under the deed of trust. Accordingly, her quiet title claim fails to meet this crucial element and must be dismissed.

Ms. Chruszch's cause of action could also be construed as an action to remove a cloud on title, *i.e.* Ms. Chruszch appears to allege an unenforceable lien, claim, or other encumbrance. The pleading requirement to remove a cloud on title requires the plaintiff to specifically describe the instrument or other source creating the cloud and further allege specifically why it is invalid. *See Nehalem Timber Co. v. Columbia Co.*, 97 Or. 100, 108–09, 189 P. 212, 190 P. 318 (1920). Ms. Chruszch fails to plead to whom she has been allegedly tendering payments, why that servicer is not the proper entity to collect her payments, or why the deed of trust lien is not valid. Without these allegations, a cloud of title claim cannot survive a motion to dismiss. Accordingly, Ms. Chruszch's quiet title claim is dismissed with leave to amend.

## CONCLUSION

Because no foreclosure proceedings are pending on Ms. Chruszch's residence, her requests for a declaratory judgment fail for lack of subject matter jurisdiction. I have found that there is no concrete controversy between the parties such that Article III jurisdiction may be exercised over these claims. Further, all of Ms. Chruszch's claims must be dismissed for failure to state a claim on which relief can be granted with leave to amend her fraud and quiet title claims. Defendants' motions to dismiss [28, 29] are GRANTED.  As noted above, I GRANT Defendants' request for judicial notice [30] and DENY Ms. Chruszch's Motion for Declaratory Judgment [3] with prejudice.

IT IS SO ORDERED.

DATED this ___4th___ day of November, 2015.

/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Judge